IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 3:18-cv-147-TSL-RHW ) ) |
| v. | ) ) |
| CARMECIA JORDAN, | ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR PERMANENT INJUNCTION**

The United States of America, by and through undersigned counsel, complains and alleges as follows:

1. The United States of America brings this action to restrain and enjoin defendant Carmecia Jordan, and all those acting in concert with or under her direction and/or control, from:

   a. preparing, filing, or assisting in the preparation or filing of federal tax returns, amended returns, and other related documents and forms, including any electronically-submitted tax returns or tax-related documents, for any entity or person other than themselves;

   b. engaging in any activity subject to penalty under 26 U.S.C. § 6694; and

   c. engaging in any fraudulent or deceptive conduct which substantially interferes with the proper administration and enforcement of the internal revenue laws.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States.

*Jurisdiction and Venue*

3. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402(a).

4. Venue is proper in this Court under 26 U.S.C. § 7407 and 28 U.S.C. § 1391(b) because defendant resides in and has her principal place of business in Jackson, Mississippi, Hinds County, within this judicial district.

*Jordan's Background*

5. Defendant Carmecia Jordan is a paid tax-return preparer who prepares federal income tax returns for customers. She prepares hundreds of federal income returns each filing season. She is neither a public accountant nor a lawyer and has no professional licenses. Jordan obtained a PTIN from the IRS that identifies her as the preparer on returns she files for customers.

6. From 2004-2007 Jordan worked at Mississippi Title Loans, Inc. (Mississippi Title). Mississippi Title specializes in granting loans secured by automobile titles. Jordan was hired originally to originate loans and secure collections. At some point during her tenure there, the company started preparing federal income tax returns for its customers. From that point through her departure in 2007, Jordan prepared federal income tax returns for Mississippi Title's customers.

7. Because Jordan was receiving only a small portion of the fee paid to Mississippi Title for the returns she prepared, she eventually left Mississippi Title to start her own tax preparation business.

*Hour Tax, LLC*

8. In 2008, Jordan met Ramona Spann. Spann began preparing and filing federal income tax returns in 2005. She filed for and received an Electronic Filing Identification Number (EFIN) in 2006.

9. Shortly after they met, Jordan and Spann went into the tax preparation business together.

10. In 2010, Jordan and Spann formed Hour Tax Incorporated, LLC (Hour LLC), a Mississippi Limited Liability Company, with each taking a 50% ownership interest. Hour LLC's principal place of business was 4083 North State Street, Jackson, Mississippi 39206.

11. Both Jordan and Spann prepared and filed federal income tax returns for Hour LLC. Together, they filed approximately 1,452 tax returns in 2014 (for tax year 2013) and 2,045 tax returns in 2015 (for tax year 2014), with Jordan preparing approximately 88% of the returns. All returns prepared on behalf of Hour LLC were filed under Spann's 2006 EFIN.

12. Aside from Jordan and Spann, Hour LLC employed a secretary. That employee's duties were limited to greeting customers, asking for and placing in a folder the tax documents the customers provide, and inputting the customers' personal information into Hour LLC's computer system.

*Jordan's Scheme*

13. Jordan has continuously, repeatedly, and knowingly prepared false federal income tax returns for customers that purposefully overstate the refunds they are entitled to receive by claiming false or inflated American Opportunity and Lifetime Learning Credits (collectively, "education credits").

14. The American Opportunity Tax Credit is a credit for qualified education expenses paid for an eligible student for the first four years of higher education, with a maximum annual credit of $2,500 per eligible student. If the credit brings the amount of tax owed to zero, the taxpayer can have refunded 40% of any remaining amount of the credit (up to $1,000).

15. The Lifetime Learning Credit is a credit for tuition and fee payments to a post-secondary school. The annual amount of the credit is 20% of the first $10,000 of qualified education expenses paid for all eligible students with a maximum allowable amount of $2,000 for tax year 2014 (20% x $10,000).

16. Colleges and universities are required by law to provide students with a Form 1098-T, Tuition Statement, of tuition billed and paid and report that information to the IRS. However, IRS audits reveal that Jordan prepared and filed returns falsely claiming educations credits for customers for which no Form 1098-T was filed. By claiming false or inflated education credits, Jordan overstates the refund that her customers claim.

17. Per IRS Publication 1304 "Statistics of Income," on average 7% of all 2012 tax returns filed claimed an education credit. However, over 90% of the returns that Jordan prepared in 2013 (91%) and 2014 (95%) claimed education credits.

18. Jordan claims education credits on behalf of her customers when they have not been issued a Form 1098-T, when they have never told her that they had any qualified education expenses, and when she does not otherwise have any reason to believe that they might have incurred education expenses. As an example of this brazen abuse, Jordan has claimed education expenses on returns she prepares for her elderly customers.

19. In addition to claiming education credits for taxpayers who are clearly ineligible, Jordan claims education credits for tuition and related expenses in excess of the amount that is

reasonably possible for the institutions her customers purported to attend. For example, Jordan frequently listed that a taxpayer attended Hinds Community College and then claimed $4,000 (the maximum allowed on the Form 1040) of qualified education expenses. The business director at Hinds Community College advised the IRS agent who investigated Jordan that the average tuition for a full-time student was $2,500 and that she had not seen a 1098-T for $4,000.

### *Criminal Proceeding*

20. In February 2017 Jordan plead guilty to one count of theft of government funds. See United States of America v. Carmecia Jordan, Case No. 3:17-cr-00018-HTW-FKB (S.D. Miss., Northern Div.) Specifically, Jordan filed fraudulent tax returns and fraudulent amended tax returns and diverted the resulting refunds from the amended tax returns to five different addresses under her control.

21. Jordan was sentenced to a term of imprisonment for 40 months to be followed by 3 years of supervised release. Jordan is currently incarcerated in the Aliceville Federal Correctional Institution, where she is assigned Register Number 20247-043. According to the Federal Bureau of Prisons website, Jordan's anticipated release date August 29, 2020.

### *Harm Caused by Jordan's Conduct*

22. Jordan's customers have been harmed by her actions because they paid fees for the preparation of proper tax returns, but Jordan has prepared returns that created improper, or fraudulently inflated, refunds or credits. Many customers are now liable for erroneously-claimed refunds and may be liable for sizable penalties and interest.

23. Jordan's conduct harms the United States because her customers are claiming refunds to which they are not entitled. The revenue loss from her fraudulent practices has been substantial.

24. In addition to the direct harm caused by preparing tax returns that fraudulently create or overstate her customers' refunds, Jordan's activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

25. Jordan further harms the United States because the IRS must devote its limited resources to identifying her customers, ascertaining their correct tax liabilities, recovering any refunds erroneously issued, and collecting additional taxes and penalties owed.

## COUNT I – INJUNCTION UNDER 26 U.S.C. § 7407

26. The United States incorporates by reference the allegations in paragraphs 5 through 25, above.

27. Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a tax return preparer from engaging in certain prohibited conduct or from further acting as a return preparer. An injunction is warranted where the preparer's conduct, *inter alia*, includes:

   a. engaging in conduct subject to penalty under 26 U.S.C. § 6694, which penalizes a return preparer who prepares a return that contains an understatement of tax liability or overstatement of a refund that is due to an unreasonable position (as defined by section 6694(a)(2)) which the return preparer knew or should have known was unreasonable;

   b. or engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

28. In order for a court to issue such an injunction, the court must find (1) that the preparer has engaged in the specified conduct defined in paragraph 23, and (2) that injunctive relief is appropriate to prevent the recurrence of the conduct.

29. The court may permanently enjoin the person from further acting as a federal tax return preparer if it finds that a preparer has continually or repeatedly engaged in such conduct, and the court further finds that a narrower injunction (i.e. prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of the internal revenue laws.

30. Jordan has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing returns that overstate the customers' refunds based upon unreasonable and reckless positions. As described in paragraphs 13 through 19, above, Jordan prepares returns that claim credits to which the taxpayer is not entitled. She does so with the knowledge that the positions taken on the returns are unreasonable and lack substantial authority. Jordan has thus engaged in conduct subject to penalty under 26 U.S.C. § 6694(a).

31. As described in paragraphs 13 through 19, above, Jordan has continually and repeatedly engaged in conduct which interferes with the proper administration of the internal revenue laws by falsely claiming education credits which justifies an injunction under 26 U.S.C. § 7407.

32. Only a permanent injunction against acting as a return preparer, as opposed to a narrower injunction against specified conduct, will suffice to secure Jordan's compliance with the tax laws and put an end to her substantial interference with the administration of the tax laws.

33. Additionally, a permanent injunction against acting as a return preparer, as opposed to a narrower injunction against specified conduct, is warranted because Jordan engages in complete fabrications and substantial manipulations to achieve the intended tax results. Jordan files fabricated or inflated education credits on her customers' returns, and there may be

other schemes she employs to understate tax liabilities or inflate claims for refunds. This underscores the need to enjoin Jordan from all tax preparation.

## COUNT II – INJUNCTION UNDER 26 U.S.C. § 7402(a)

34. The United States incorporates by reference the allegations of paragraphs 5 through 25, above.

35. Section 7402 of the Internal Revenue Code authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

36. Jordan intentionally overstates her refunds by falsely claiming and inflating her customers' education credits, and has repeatedly and continually engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

37. Unless enjoined, Jordan is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws. If she is not enjoined from engaging in fraudulent and deceptive conduct, the United States will suffer irreparable injury by wrongfully providing federal income tax refunds to individuals not entitled to receive them, much of which will never be discovered and recovered. The United States will also suffer irreparable injury because it will have to devote substantial unrecoverable time and resources to auditing Jordan's customers to detect future returns understating customers' liabilities or overstating their refunds.

38. While the United States will suffer irreparable injury if Jordan is not enjoined, Jordan will not be harmed by being compelled to obey the law.

39. Enjoining Jordan is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop her illegal conduct and the harm it causes the United States.

40. The Court should therefore impose injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. That the Court find that Carmecia Jordan has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and has continually and repeatedly engaged in other fraudulent and deceptive conduct that substantially interferes with the administration of the tax laws, and that injunctive relief barring her from acting as a federal tax return preparer is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;

B. That the Court find that Carmecia Jordan has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

C. That the Court enter a permanent injunction prohibiting Carmecia Jordan and all those in active concert or participation with her from:

   (1) acting as federal tax return preparers or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms, including any electronically-submitted tax returns or tax-related documents, for any person or entity other than themselves;

   (2) preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that understate federal tax

9

        liability or overstate federal tax refunds based upon positions that they know or reasonably should know are unreasonable;

    (3) engaging in any other activity subject to penalty under 26 U.S.C. § 6694, or any other penalty provision in the Internal Revenue Code; and

    (4) engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

    D.    That the Court authorize, without further proceedings, the immediate revocation of any PTIN held by, or assigned to, or used by Carmecia Jordan pursuant to 26 U.S.C. § 6109, and order the immediate surrender and revocation of any EFIN held by, assigned to, or used by Carmecia Jordan;

    E.    That the United States be entitled to conduct discovery to monitor Jordan's compliance with the terms of any permanent injunction entered against her;

    F.    That the Court retain jurisdiction over the defendant and over this action to enforce any permanent injunction entered against her; and

    G.    That the Court grant the United States such other and further relief, including costs, as is just and equitable.

Dated: March 09, 2018                                   Respectfully submitted,

                                                          RICHARD E. ZUCKERMAN
                                                          Principal Deputy Assistant Attorney General

                                                          */s/ Rebecca E. Layne*
                                                          REBECCA E. LAYNE
                                                          Trial Attorney, Tax Division
                                                          U.S. Department of Justice
                                                          P.O. Box 14198
                                                          Washington, D.C.  20044
                                                          202-514-5879 (v)
                                                          202-514-4963 (f)
                                                          Rebecca.Layne@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Carmecia Jordan

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rebecca Layne, 555 4th St. NW, Rm 6220, Washington, DC 2003
202-514-5879

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7407
Brief description of cause:
Action to enjoin a tax return preparer from preparing tax returns

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.